# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Maslah Haji Mohamed,**  Civil No. 13-0643 (PAM/JJG)

    **Petitioner,**

v.  REPORT AND RECOMMENDATION

**U.S. Department of Homeland Security,**

    **Respondent.**

JEANNE J. GRAHAM, United States Magistrate Judge

Petitioner Maslah Haji Mohamed ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, he challenged the length of his detention pending his removal to Somalia under *Zadvydas v Davis*, 533 U.S. 678 (2001). On June 14, 2013, Petitioner was removed to Somolia. As such, the Court recommends that his petition be dismissed as moot.

## I. Background

Petitioner is a citizen of Somalia and was admitted to the United States as a refugee in 2001. (Draves Decl. at 1, Apr. 25, 2013, ECF No. 5.) On September 16, 2010, Olmsted County District Court convicted Petitioner of making terroristic threats in violation of Minn. Stat. § 609.713, subd. 1, and sentenced him to a term of imprisonment of fifteen months. (Draves Decl. Ex. 3 at 5.) This crime is a felony. After serving his sentence, Immigrations and Customs Enforcement (ICE) took custody of Petitioner. (Draves Decl. ¶ 2.) On May 17, 2012, an immigration judge ordered Petitioner removed

from the United States to Somalia pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act. (Draves Decl. Exs. 5-6.) Petitioner did not appeal. (Draves Decl. ¶ 5.)

Petitioner remained in ICE custody pending his removal. ICE asserts that during this time attempts to remove Petitioner to Somalia were delayed by Somalia's political climate but diplomatic efforts were underway to secure removal. (Resp't's Return at 4-5, Mar. 25, 2013, ECF No. 4.) While in custody, ICE conducted 90-, 180-, and 270-day post-order custody reviews to determine if continued custody of Petitioner was appropriate. (Draves Decl. Exs. 8-10.) In each review, ICE determined that continued custody was appropriate because Petitioner had a criminal history and Petitioner's removal would occur in the reasonably foreseeable future. (Draves Decl. Exs. 8-10.) On March 21, 2013, during Petitioner's eleventh month of detention, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Pet., Mar. 21, 2013, ECF No. 1.) In the petition, Petitioner requested to be released on ICE supervision pursuant to § 241(a) of the Immigration and Nationality Act.

On June 14, 2013, ICE removed Petitioner from the United States to Somalia. (Second Supplemental Draves Decl., June 24, 2013, ECF No. 12.) ICE now requests that the petition be dismissed as moot for lack of subject matter jurisdiction. (*Id.*)

**II.    Discussion**

The question is whether Petitioner's removal to Somalia renders his request for release from detention moot. Federal courts have jurisdiction over cases and controversies. U.S. Const. art. III, § 2. However, the controversy "must exist throughout

2

the litigation; otherwise the case is moot. Federal courts lack power to decide the merits of a moot case." *Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) (internal citations omitted). Courts in the District of Minnesota have held that if a petitioner for a writ of habeas corpus has been removed from the United States, the petition becomes moot. *See, e.g.*, *Hassan v. ICE*, No. 13-cv-841 (PJS/LIB), 2013 U.S. Dist. LEXIS 110401, at *4 (D. Minn. July 1, 2013) ("The District of Minnesota is one of several U.S. District Courts that have concluded that a petitioner's actual removal from the United States renders moot that petitioner's habeas claims related to his detention prior to removal."), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 108075 (D. Minn. Aug. 1, 2013). The Eighth Circuit has similarly held that an application for a writ of habeas corpus is moot upon the release of the petitioner because the petitioner "arguably received the relief he requested." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005).

Petitioner did not appeal the decision of the immigration judge and, as such, this case solely concerns Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. There, Petitioner requested to be released from ICE custody pending his removal to Somalia. Petitioner has already been removed to Somalia and therefore his request for release pending removal is moot.

### III.     Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) **BE DISMISSED AS MOOT**.

2. This matter be dismissed in its entirety and **JUDGMENT ENTERED ACCORDINGLY.**

Dated: September 30, 2013            s/ *Jeanne J. Graham*
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 21, 2013.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.